The check described in the indictment dated January 8, 1953, was introduced in evidence and showed that it was drawn on the First National Bank of Waco, Texas, in the amount of $44 and the name W. C. Hardin appeared as maker.

Sheriff Maxey testified that he had served as a law enforcement officer for about twenty years in Waco and McLennan County and that he did not know any one by the name of W. C. Hardin; that he had known appellant for about five years, and that his name was not Hardin nor Smith, but that it was Jeff Walton.

Charles G. Hawkins testified that he had worked in the First National Bank in Waco for thirty years; that there was no account with said bank in the name of W. C. Hardin, and further said he did not know any person by that name.

Appellant testified that he was not in the grocery store where Perry Eskew worked and did not see him on January 8, 1953, but that he was there on January 10, 1953, and before he selected any groceries Eskew and H. V. Boyd questioned him and showed him some checks and asked if he gave them, which he denied; that he told them his name was Jeff Walton and did not tell them it was Smith. He denied any knowledge of either of the checks in question. He wrote the names of W. C. Hardin and R. S. Smith several times which were introduced in evidence for comparison by the jury.

■ The jury resolved the issue of appellant's guilt against him, and we conclude that the evidence is sufficient to sustain the conviction.

■ We note that the verdict and judgment find and adjudge the appellant guilty of passing a forged instrument, while the sentence shows that he was sentenced for forgery. The sentence will therefore be reformed to conform with the verdict and judgment and, as so reformed, the judgment is affirmed.

Opinion approved by the Court.

WALTON v. STATE.

No. 26648.

Court of Criminal Appeals of Texas.

Dec. 2, 1953.

C. S. Farmer, Waco, for appellant.

Wesley Dice, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for knowingly attempting to pass as true a forged instrument, and his punishment was assessed at five years in the penitentiary.

There are no formal nor informal bills of exception. The only question presented is the sufficiency of the evidence to support the conviction.

This case was jointly tried with another case, Walton v. State, Tex.Cr.App., 262 S. W.2d 493, wherein the appellant was charged with passing a forged instrument, and the same is referred to for a summary of the facts, the check described in the indictment herein being that written on January 10 by appellant to which he signed the name R. S. Smith and which was introduced in evidence.

We hold that the evidence is sufficient to support the conviction.

The judgment of the trial court is affirmed.

Opinion approved by the Court.